**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In the matter of:<br><br>DERRICK McCOY,<br><br>        Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary,<br>Department of Homeland Security,<br><br>        Defendant. | Case Number: 22-cv-2690 |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, DERRICK McCOY ("Plaintiff"), by and through his attorney, CHRISTINA ABRAHAM, complaining of Defendant ALEJANDRO MAYORKAS in his official capacity as Secretary of the Department of Homeland Security ("Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 20000e *et seq*.) and the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq*.). In support thereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This action is brought pursuant to 42 U.S.C. § 2000e *et seq.* for race discrimination and 29 U.S.C. § 621 for age discrimination. Plaintiff filed a claim with Defendant's Equal Employment Opportunity (EEO) Counselor on November 3, 2020 (CIS-02142-2020) regarding his race and age discrimination claims. On February 22, 2022, the EEO issued a Final Agency Determination in the matter, dismissing his claim.

2.     Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1346, as this is a civil action arising under the Constitution, laws, or treaties of the United States, and the defendant is an agency of the U.S. government.

3.     Venue is proper under 28 U.S.C. § 1391(e), as Defendant is an agency of the U.S. government, a substantial part of the events or omissions giving rise to this claim have occurred in this judicial district, and plaintiff resides in this judicial district.  No real property is involved in this action.

**PARTIES**

4.     Plaintiff DERRICK McCOY ( "Plaintiff") is African American and over the age of forty (40).  Plaintiff was employed at Paragon Systems as a Protective Services Officer (PSO) assigned to Defendant's Social Security Administration office on 63rd Street and Cottage Grove, Chicago, Illinois.  As a prerequisite of his employment, Plaintiff required a suitability letter from Defendant's Federal Protective Service ("FPS").  Plaintiff's employment was terminated following FPS' decision to rescind its suitability determination for him.  At all relevant times, Plaintiff worked and resided in Cook County, Illinois.

5.     Defendant ALEJANDRO MAYORKAS ("Mayorkas") is the Secretary of the Department of Homeland Security ("DHS"), which is the parent agency for USCIS.  He is sued in his official capacity.  As part of his duties, Mayorkas oversees FPS, an agency within DHS.

**FACTUAL ALLEGATIONS**

6.     Plaintiff was employed at Paragon Systems as a Protective Services Officer (PSO) beginning sometime in 2015.

7.     Paragon Systems holds federal contracts with Defendant to provide security services at its facilities.

8.     As a prerequisite to his employment, Plaintiff was required to have a suitability determination letter from FPS.

9.     Plaintiff was stationed at Defendant's Social Security Administration ("SSA") office on 63rd and Cottage Grove and at the DHS Customs and Border office in downtown Chicago.

10.     FPS would send its officers to occasionally observe the performance of Paragon Systems employees stationed at Defendant facilities.

11.     Plaintiff occasionally interacted with FPS Officer Jamie Taylor, who is younger than Plaintiff.

12.     Taylor often made statements to Plaintiff that were intimidating, belittling, or condescending and told Plaintiff he did not "know what he was doing".

13.     Upon information and belief, Taylor treated individuals under the age of forty more favorably than older individuals and often belittled or intimidated them.

14.     On or about December 10, 2019, Plaintiff was told to remove an individual from the SSA building.  The individual had become disruptive and threatening to others.

15.     While attempting to remove the individual, the individual became hostile and threatening toward Plaintiff and two other PSOs.  Pursuant to protocol, another PSO called the "Megacenter", who called the local police and FPS.

16.     Upon information and belief, the two other PSOs were younger than him.

17.     Pursuant to his training, Plaintiff detained the individual and he and his partner escorted them to an interview room.

18.     While in the interview room, the individual began throwing and knocking things around.  In order to ensure the individual would not harm anyone, Plaintiff and his partner handcuffed the individual.  The third PSO contacted the local police and called the Megacenter again.

19.     When local police arrived at the scene, they wanted to take the individual to a mental health ward.  Plaintiff asked them to wait until FPS arrived.  This was pursuant to FPS protocol.

20.     FPS Officer Taylor arrived at the scene 20-30 minutes later.

21.     Taylor claimed Plaintiff did not "properly detain" the individual and that he did not cooperate with local police.  Taylor did not explain why Plaintiff did not properly detain the individual.  Taylor also did not explain why he concluded Plaintiff had not cooperated with the local police, given Plaintiff had been the one who had called them.

22.     Upon information and belief, Taylor relayed disparaging information about the incident to Plaintiff's employer.

23.     As a result of the incident, on December 20, 2019, Plaintiff was terminated by Paragon Systems.

24.     Plaintiff grieved the termination through his union.

25.     On July 10, 2020, the grievance was resolved when Paragon Systems agreed to rescind the termination and reinstate Plaintiff, provided he still had a suitability determination from FPS.  The agreement with his employer stated that the reinstatement agreement would be vacated if Plaintiff failed to pass any of its prerequisite requirements.

26.     On October 5, 2020, a Personnel Security Specialist (PSS) contacted Plaintiff regarding the background investigation for Defendant's suitability review.  The PSS raised two

matters regarding Plaintiff's suitability: (1) his December 2019 termination from Paragon Systems; and (2) questions about financial deficiencies from Plaintiff's credit report.

27.     On October 9, 2020, Plaintiff responded to the PSS' questions by email.  His response included information about the circumstances regarding his December 2019 termination and later reinstatement.  Plaintiff also showed he had resolved the financial matters PSS had raised questions about.

28.     On October 27, 2020, Plaintiff received a notice from the PSS that determined he would not be deemed suitable for employment, citing only the December 2019 termination from Paragon Systems as the reason for the determination.

29.     As a result, Plaintiff was not reinstated at Paragon Systems and lost his job.

30.     Upon information and belief, the other two PSOs did not have their suitability determinations revoked or otherwise not renewed.

31.     Upon information and belief, FPS, including but not limited to FPS Officer Taylor, interfered with the PSS review process to ensure Plaintiff would not be issued a suitability determination.

32.     Upon information and belief, FPS wanted Paragon Systems to get rid of African American employees and hire more non-African American employees.  Further, upon information and belief, FPS used pretextual disciplinary issues as a cover to get rid of African American employees.

**COUNT I: RACE DISCRIMINATION**

33.     Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

34.     Plaintiff is African American.

35.     Defendant discriminated against Plaintiff on the basis of his race, African American, when it subjected him to different terms and conditions of employment on the basis of his race.  This includes, but is not limited to: FPS wanted Paragon Systems to hire less African Americans sought to use pretextual disciplinary issues to get rid of African American employees; Defendant reported false information to Plaintiff's employer, causing his termination in December of 2019.  Later, when Plaintiff obtained agreement from his employer to reinstate him, Defendant again interfered by ensuring he would not receive a suitability determination.  This was caused so as to deprive Plaintiff of his employment.

36.     Defendant's unlawful conduct violated Title VII of the Civil Rights Act of 1964, as amended, and caused Plaintiff damages, including but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

### COUNT II: AGE DISCRIMINATION

37.     Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

38.     Plaintiff is over the age of forty and was so at the time of the conduct alleged in this Complaint.

39.     Defendant discriminated against Plaintiff on the bases of his age when it subjected him to different terms and conditions of employment.  This includes, but is not limited to, when Defendant caused Plaintiff's termination in December 2019 and later interfered with his reinstatement by interfering with his suitability determination.

40.     Defendant's conduct violated the Age Discrimination in Employment Act, as amended, and caused him damages, including but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore, Plaintiff DERRICK McCOY prays this Honorable Court enter judgment in his favor and against Defendant ALEJANDRO MAYORKAS, as Secretary of the Department of Homeland Security, granting him the following relief:

A.  Actual damages;

B.  Compensatory damages;

C.  Liquidated damages;

D.  Costs;

E.  Attorney's fees;

F.  Such other relief as the Court deems just and equitable, or to which Plaintiff is entitled as a matter of law.

Respectfully submitted,
DERRICK McCOY
Plaintiff

_____/s/Christina Abraham_____
By:     Christina Abraham
          Attorney for Plaintiff

May 20, 2022

Attorney No. 6298946
Christina Abraham, Esq.
Attorney for Plaintiff
161 N. Clark Street, Suite 1600
312-588-7150